## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGINA JOAN GYURISKA,               :        CIVIL ACTION NO. **3:CV-14-1955**
                                      :
    Plaintiff                   :
                                      :
    v.                          :
                                      :        (Magistrate Judge Blewitt) FILED
DUNMORE SCHOOL DISTRICT, et al.,      :                      SCRANTON
                                      :
                                      :                      OCT 1 6 2014
    Defendants                  :        PER _____
                                                            DEPUTY CLERK

### MEMORANDUM AND ORDER

On October 8, 2014, Plaintiff, Georgina Joan Gyuriska, a resident of 1407 Pittston Avenue,

Scranton, Pennsylvania, 18505, filed, *pro se*, a 2-page unsigned form Complaint with a 13-page

typed Complaint attached. (Doc. 1). Plaintiff states on the face of her form Complaint that it was

filed under "American Disabilities Act of 1990[,] Title 42 [U.S.C. §] 12111[,] Civil Rights Act of

1964[, and] Title 42 [U.S.C. §§] 2000." (Doc. 1, p. 1). On her Civil Cover Sheet attached to her

Complaint, Plaintiff indicated that this Court has jurisdiction over her action under federal question.

Plaintiff indicated that the Nature of her Suit was "Americans with Disabilities-Employment" and

she stated that her Cause of Action was under Title VI, Civil Rights Act of 1964, 42 U.S.C. §2000.

Plaintiff provided a brief description of her claim and stated, "In retaliation of (sic) past litigation

Plaintiff was subjected to continual[] harassment, sexual abuse, threats and bullying; causing Plaintiff

to fear for her life and making the work place, environment, both intolerable and dangerous;

forcing the Plaintiff to abandon her job."[1]  (Doc. 1-2).

---

[1]We note that Plaintiff Gyuriska was one of three Plaintiffs (along with her parents) in a
prior federal action filed with this Court. *See Gyuriska v. Dunmore School District,* Civil No. 02-
0493 (M.D. Pa.). Plaintiff's prior action was closed on July 8, 2003, when Plaintiffs withdrew

Plaintiff attached 25 pages of Exhibits to her Complaint, Exs. 1- 5, including copies of the EEOC Notice of Right to Sue, dated July 8, 2014, 11-page narrative Affidavit of Plaintiff, dated January 12, 2012, a Voice Stress Analysis of Plaintiff regarding on the job harassment, dated January 12, 2012, 5-page Dunmore School District Policy regarding unlawful harassment, and 5-page Dunmore School District Policy regarding bullying.[2]  (Doc. 1-1).

Named as Defendants are: Dunmore School District ("DSD"); Dunmore Board of Education ("Board") and its Members; Richard McDonald, DSD Superintendent; Gary Maracco, Union Steward; Bob Brucelli, DSD Supervisor; Mike Butler; Jeanie Doe; Shawn Doe; John Doe a/k/a Johnny Mac; and John Doe a/k/a Chris Papa a/k/a Joe Papa.

As indicated, Plaintiff is proceeding *pro se*.  Plaintiff has filed an Application for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff indicates that she is unemployed and receives Social Security disability monthly payments in the amount of $1,089.00.  Plaintiff also indicates that she has $400 and a 1999 Ford Escort with a value of $150.

With respect to Plaintiff's Complaint, we find that it is deficient.[3]

---

their Complaint.

[2]Plaintiff did not submit a copy of her EEOC Charge of Discrimination with her Complaint.

[3]
We note that after Plaintiff files her Amended Complaint, we will screen her pleading. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604(Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners.); *Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002). If the Court determines that Plaintiff can proceed on any of her claims against any Defendant, it will rule on her *in forma pauperis* Motion and serve her Amended Complaint on any remaining Defendant(s).

In her Complaint, Plaintiff states that she has been disabled since birth and she is seeking damages against Defendants under the ADA. (Doc. 1, p. 6). Plaintiff does not state her alleged disability in her Complaint. Nor does Plaintiff state when she was employed by DSD and in what capacity she worked for DSD. However, it appears from Plaintiff's Exhibits that she was a janitor for DSD from September 9, 2010 through December 14, 2011.[4]   (Doc. 1-1, p. 4).

Plaintiff asserts four Counts in her Complaint.[5]   In Count I, "Conspiracy to Retaliate," Plaintiff avers that Defendants initiated a plan of retaliation against [her] for [her] past litigation brought against the Defendants in 2002 under Federal [Civil No. 02-0493 (M.D. Pa.)]."   Plaintiff alleges that the individual Defendants assigned her to burdensome and strenuous tasks which were outside of her abilities due to her physical disabilities, that Defendants harassed her and made sexual advances and innuendos, and that Defendants intimidated and threatened her. As a result, Plaintiff avers that she lost weight due to chronic depression. As relief, Plaintiff seeks compensatory and punitive damages against Defendants.[6] (*Id.*, pp. 7-10).

---

[4]We note that the statute of limitations for Plaintiff's claims under the ADA and Title VI are governed by Pennsylvania's 2-year statute of limitations for personal injury actions. *See Blunt v. Lower Merion School Dist.,* 559 F.Supp.2d 548, 564 (E.D. Pa. 2008)(citations omitted). Also, in a discrimination case, the statute of limitations begins to run when the discriminatory act occurs. *Id.* at 565(citation omitted).

[5]We note that for present purposes, we accept as true the alleged facts in Plaintiff's Complaint. *See Blunt v. Lower Merion School Dist.,* 559 F.Supp.2d 548, 554 (E.D. Pa. 2008)(citation omitted).

[6]We note that insofar as Plaintiff is seeking punitive damages against Defendants Dunmore School District and Dunmore Board of Education, she is prohibited from such damages against these municipal Defendants. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748 (1981).

In Count II, Plaintiff raises a state law claim for "Gross Negligence." Plaintiff alleges that Defendants DSD, Dunmore Board of Education and its members, and McDonald "wer grossly negligent in not enforcing their own policies and procedures of the District regarding sexual harassment and bullying when they knew or should have known that [she] was suffering from such conduct at the hands of their employees and co-conspirators." Plaintiff also states that said Defendants were aware of the problems she was experiencing. As relief, Plaintiff seeks compensatory and punitive damages against Defendants. (Id., pp. 10-11).

In Count III, "Int[e]ntional Affliciton (sic) of Emotional Distress," Plaintiff alleges that "Defendants intentionally and recklessly, with sole intent to cause harm and emotional duress engaged in daily course of conduct, consisting of threats of rape and molestation, stalking, demeaning name calling, invasion of privacy, threats of employment termination by bearing testimony under false witness and other outrageous and extreme conduct which Plaintiff endured for over a period of a year and a half."[7]    As relief, Plaintiff seeks compensatory and punitive damages against Defendants. (Id., pp. 11-12).

In Count IV, "Hostile Work Environment," Plaintiff alleges that Defendants Mike Butler, Jeanie Doe, Shawn Doe, Johnny Mac, and Chris Papa created a hostile work environment by their course of conduct for over one and a half years, that the supervisory Defendants were aware of this

--------------------------------------------------

[7]We note that under Pennsylvania law, to state a claim of intentional infliction of emotional distress ("IIED"), Plaintiff must allege extreme and outrageous conduct which intentionally or recklessly causes him severe emotional distress. See Killen v. Northwestern Human Services, Inc., 2007 WL 2684541, *9 (E.D. Pa.)(citations omitted).

4

conduct and failed to intervene to stop it, and that this treatment was done in retaliation for the past lawsuit Plaintiff and her father initiated as well as due to her disability and gender. Plaintiff also avers that Defendants Brucelli and Maracca aided and abetted the stated Defendants "in the torture and abuse of the Plaintiff." As relief, Plaintiff seeks compensatory and punitive damages against Defendants. (Id., pp. 13-14).

As mentioned, Plaintiff indicated on the face of her from Complaint it was also filed  under the ADA and Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. Plaintiff appears to be raising claims of sexual harassment and discrimination and, retaliation for filing a previous lawsuit against Defendants. Plaintiff also appears to claim that Defendants created a hostile work environment and that she was forced to resign her job with DSD.

Plaintiff's Complaint has not yet been served on Defendants and the Court has not yet ruled on her Motion to proceed in forma pauperis. We find that Plaintiff invokes the jurisdiction of this Court based upon federal question, 28 U.S.C. § 1331, since his Complaint alleges violations of Title VII and the ADA.[8] Thus, this Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331. See Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 761 (3d Cir. 2004); Reilly v. Lehigh Valley Hosp., 2012 WL 895459, *4 (E.D. Pa. March 15, 2012); Page v. Trustees of Univ. of Pennsylvania, 222 Fed. Appx. 144, 145, n. 1 (3d Cir. 2007). Also, this Court can exercise pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. See Slater v.

---

[8]Plaintiff 's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

*Susquehanna Co.*, 613 F. Supp. 2d 653, 657 (M.D. Pa. 2009).

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

To establish a prima facie discrimination case under the ADA, a plaintiff must prove:

> (1) that he or she has a disability within the meaning of the ADA; (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she has suffered an otherwise adverse employment decision as a result of discrimination.

*Jamison v. Campbell Chain Cooper Tools*, 2009 WL 4429733, at *3 (M.D. Pa. Nov. 27, 2009) (internal quotation marks omitted) (quoting *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)); *Reilly v. Lehigh Valley Hosp.*, 2012 WL 895459, *4 (E.D. Pa. March 15, 2012) (citations omitted). "Individuals are not subject to liability under Titles I or II of the ADA." *Walker v. Brooks*, 2009 WL 3183051, *10 (W.D. Pa. 9-30-09)(citation omitted).

With respect to Plaintiff's Title VII sex discrimination claims pertaining to her forced resignation from her employment with Defendant DSD on December 14, 2011, the Court in *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. at 145, stated:

> To establish a prima facie case of Title VII [sex] discrimination, [Plaintiff] must show (1) that she belongs to a protected class, (2) that she suffered an adverse employment action (3) under circumstances leading to an inference of unlawful discrimination. *See Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir.1999).

*See also Burlington v. News Corp.*, 759 F.Supp. 2d at 592(citations omitted). Section 2000e-2(m) of Title VII (42 U.S.C.) provides, in pertinent part, that "an unlawful employment practice is

established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice."

With regards to Plaintiff's Title VII retaliation claim, Plaintiff must show that she was engaged in a protected activity, that an adverse employment action was taken against her in response to the exercise of a protected activity, and that a causal link exists between the protected activity and the adverse employment action. *See Farrell v. Planters Lifesavers Company*, 206 F.3d 271, 279 (3d Cir. 2000).

Thus, in order to properly plead a retaliation claim in violation of Title VII, 42 U.S.C. § 2000e-3, a plaintiff must prove a *prima facie* case by providing facts that show that: (1) she was engaged in a protected activity; (2) she has suffered an adverse employment action based on exercise of the protected activity; and (3) there is a causal link between the protected activity and the adverse employment action. *Hussein v. UPMC Mercy Hospital*, 466 Fed. Appx. 108, 111-12 (3d Cir. 2012)(citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)); *Farrell v. Planters Lifesavers Company*, 206 F.3d at 279. Further, Plaintiff must show a causal connection between her participation in a protected activity and the adverse employment action. *Thomas v. Pocono Mtn. Sch. Dist.*, 2011 WL 2471532, *8 (M.D.Pa. June 21, 2011). "Causation 'may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" *Id.*(citation omitted).

In the present case, Plaintiff alleges that Defendants retaliated against her due to the 2002 federal lawsuit she and her father filed. The 2002 lawsuit filed in Civil No. 02-0493 was closed on

July 8, 2003.  Thus, there is approximately a 9-year time gap between Plaintiff's participation in a protected activity and the alleged adverse employment action forcing Plaintiff out of her job in December 2011.  As such, it may be difficult for Plaintiff to show a causal connection between the protected activity and the alleged adverse employment action.

We find that Plaintiff's Complaint does not sufficiently state a claim under the ADA and Title VII.  For example, with respect to Plaintiff's ADA claim, we find that it does not meet the requirements for having a disability as set forth by the Court in *Jamison*.  Plaintiff fails to sufficiently state that she is a "qualified individual" under the ADA and that she has a disability within the meaning of the ADA.

We liberally construe the *pro se* Plaintiff's Complaint and find that she has not sufficiently stated a federal claim or a negligence claim under Pennsylvania law.   We find that Plaintiff's Complaint is not in conformance with Rule 8.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

Specifically, we find that Plaintiff's pleading does not meet the stated elements required for an ADA claim and a Title VII claim.  We will direct Plaintiff to file an Amended Complaint.  The

Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend her pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Third Circuit Court cited to the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

9

We find that Plaintiff's Complaint lacks sufficient allegations as to the Defendants and what these Defendants did to violate the ADA and Title VII.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

In order to comply with Rule 8, a Complaint  must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). Under even the most liberal construction, Plaintiff's Complaint is in clear violation of  Rule 8. It does not give Defendant fair notice of what Plaintiff's claims against her are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, her Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of Defendant about which Plaintiff is complaining. Accordingly, Plaintiff will be directed to file an amended complaint.

Plaintiff is also reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the

complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Plaintiff's amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure.  *See*, Fed.R.Civ.P. 8(e)(1).  If Plaintiff fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, it will be recommended that her action be dismissed.

An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: October 16, 2014

11